(Rev. 12/01/15)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL KNOX, | ) | CASE NO.  4:25-cv-105 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT |
| CORECIVIC, INC., et al, | ) | CONFERENCE SCHEDULING |
| | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |

## I.    CASE MANAGEMENT CONFERENCE

All counsel and parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on **7/8/2025** at **11:00 a.m**. The following directives apply to this particular CMC:

_____ All parties (or, in the case of a corporation or similar legal entity, the person most familiar with the facts of the case) and lead counsel are required to attend in person. Participants should report directly to Chambers 526, U.S. Courthouse, 2 S. Main St., Akron, OH.

_____ Only lead counsel are required to attend in person; parties shall be available by telephone. Participants should report directly to Chambers 526, U.S. Courthouse, 2 S. Main St., Akron, OH.

_____ All parties (or, in the case of a corporation or similar legal entity, the person most familiar with the facts of the case) and lead counsel are required to participate by telephone, OR

**X** Only lead counsel are required to participate by telephone, AND

_____ _____ counsel shall initiate the call, joining the Court (330-252-6060) when all others are on the line; OR

**X** Directions for joining the call will be emailed to counsel of record by the courtroom deputy no later than the day before the CMC.

The Court believes that the CMC is of extraordinary importance and expects counsel to be prepared with the factual predicate from the standpoint of counsel's client. The Court will specifically tailor the Case Management Plan to the particular case based on the information supplied at the CMC.

The agenda for the CMC is set forth in Rule 16.3(b)(2) of the Local Rules of the United States District Court for the Northern District of Ohio ("LR"). In addition, the Court expects to set a trial date and a final pre-trial conference date at the CMC.

## II.     TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management ("DCM"), as set forth in the Local Rules. The Court will evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motion practice and trial.

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends that this case be assigned to the Standard track.

## III.    DISCOVERY/DISCLOSURE

### A.     Applicable Rules

Discovery shall be guided by LR 26.1, as well as all applicable Federal Rules of Civil Procedure. Notably, the Court will tailor the discovery plan in each case to comply with the proportionality requirements of Fed. R. Civ. P. 26(b)(1).

The parties shall begin discovery promptly and in most cases before the discovery conference mandated by Fed. R. Civ. P. 26(f). The Court will consider the parties' compliance with this mandate (or lack thereof) when faced with discovery issues.

The parties shall determine whether there will be discovery of electronically stored information (ESI) [e-discovery]. If the parties anticipate any e-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Civil Rules. If, by the time the parties file their Joint Report of Parties Planning Meeting, they have not agreed to a method for ESI, the default standard will apply.

In cases where information was/is electronically stored, the Court will apply the provisions of Fed. R. Civ. P. 37(e) regarding preservation of such information.

**B.     Discovery Disputes**

Should any discovery dispute arise during these proceedings, the parties are specifically directed to comply with Local Rule 37.1. Prior to filing any formal motion seeking aid from the Court in discovery matters, a party shall file a Notice of Request for Local Rule 37.1 Telephone Conference, which must include certification of having made sincere, good faith efforts to resolve the discovery dispute. The Court will promptly schedule a conference call to address the matter. Only after failure of these informal methods may the party file a formal motion under the Federal Rules of Civil Procedure.

**C.     Mandatory Disclosures**

Fed. R. Civ. P. 26(a) mandates a series of required disclosures in lieu of discovery requests. Only certain categories of proceedings, outlined in Rule 26(a)(1)(B), are exempt from these initial disclosures. If a party wishes to object to the requirement of initial

disclosures, it must do so as part of the planning meeting report described below in Section IV. The following requirements regarding disclosure will apply in this case:

1. Absent a showing of good cause, by **6/24/2025**, the plaintiff must serve on opposing parties the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

2. Absent a showing of good cause, by **7/1/2025**, all other parties must serve on opposing parties the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

## IV.    PLANNING MEETING

Pursuant to LR 16.3(b)(3) and Fed. R. Civ. P. 26(f), counsel for all parties, as well as all unrepresented parties, are jointly responsible for arranging and participating in a planning meeting in preparation for the CMC. Plaintiff shall initiate arranging for the meeting in a timely fashion. A report of the planning meeting shall be jointly signed and filed with the Court not less than three (3) business days before the CMC. **The report shall be in the form of Attachment 1 to this Order.**

## V.    ATTORNEY FEES ITEMIZATION

In all cases in which it is anticipated that a party or parties will seek attorney fees pursuant to statutory or case-law authority, such party shall serve on opposing counsel and file with the Court at or before the CMC a preliminary estimate and/or budget of the amount of fees and expenses expected to be the subject of any such claim. The estimate shall include, but not be limited to, the following:

| **ATTORNEY FEES** | | **COSTS** | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $_____ | Depositions | $_____ |
| Procedural Motions Practice | $_____ | Experts | $_____ |
| Discovery | $_____ | Witness Fees | $_____ |
| Dispositive Motions Practice | $_____ | Other | $_____ |
| Settlement Negotiations | $_____ | | |
| Trial | $_____ | | |
| **TOTAL FEES** | $_____ | **TOTAL COSTS** | $_____ |

## VI.  CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

Magistrate Judge Knapp has been assigned to assist in this case. The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge. A form reflecting the parties' consent, if any, to the Magistrate Judge's jurisdiction is provided with this Order.

## VII.  RESOLUTION BEFORE CMC

If this case is resolved before the CMC, the parties shall submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process by contacting the Court's Courtroom Deputy Clerk at 330-252-6060.

**IT IS SO ORDERED**.

Dated: June 2, 2025

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**