**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMAL KNOX, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC, INC., et al., <br><br> Defendants. | Civil Action No. 4:25-cv-00105 <br><br> CHIEF JUDGE SARA LIOI <br><br> MAGISTRATE JUDGE AMANDA M. KNAPP <br><br> **STIPULATED PROTECTIVE ORDER** |

Upon joint motion by the parties and pursuant to the terms of the following Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26); (2) confidential personal information related to current or former employees of CoreCivic, Inc. ("CoreCivic"), the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security-sensitive information related to the operation of any CoreCivic facility; (5) confidential information relating to or identifying current or former inmates or detainees, the disclosure of which might invade those individuals' privacy; and (6) records containing information protected by the Privacy Act of 1974, 5 U.S.C. § 552a and/or records containing individually identifiable health information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies

and procedures, unless they are already public records; (2) CoreCivic's training materials, information, and documents, unless they are already public records; (3) Post Orders, shift rosters, and staffing plans, unless they are already public records; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiff's claims, unless they are already public records; (5) grievance logs, unless they are already public records; (6) facility diagrams, including information related to the placement of security cameras, unless they are already public records; (7) bonus and/or financial information, unless they are already public records; and (8) any of CoreCivic's employee or independent contractor files, unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution. Nor does anything in this Order require a party to produce such confidential information.

2.      By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3.      It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only

2

documents marked as "CONFIDENTIAL" will be subject to this Protective Agreement and the Court's Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4.      Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a.  The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b.  The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

c.  All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 9.

d.  Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within 30 days of receipt of the transcript of said deposition, by the party, as confidential information, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

e.  The parties acknowledge that this Order does not entitle them to seal CONFIDENTIAL INFORMATION filed with the Court. In the event a party seeks to file any document containing CONFIDENTIAL INFORMATION subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who

designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal pursuant to Local Rule 5.2. The submitting party may file a document designated as confidential under this Order as a separately sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal.

5. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a document containing CONFIDENTIAL INFORMATION may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the CONFIDENTIAL INFORMATION as may be required by a scheduling or other order. Any party may move the Court for an order that the CONFIDENTIAL INFORMATION be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection(s) may be afforded to such information at the trial or hearing.

6. Unless otherwise provided in this Order, *see* Paragraph 9, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the following counsel and experts: attorneys in this action (including their staff), consulting attorneys, or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

7. CONFIDENTIAL INFORMATION containing address, identifying information, dependent information, or contact information concerning former or current CoreCivic employees/independent contractors will not be disclosed to any current or former inmate or

4

member of the general public. Access will be restricted to the attorneys in this action (including their staff) and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, will not be disclosed to any present or former inmate or detainee unless they are already public records. Such information will be produced with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any current or former inmate/detainee, and will be handled accordingly at all times barring a written agreement by the disclosing party to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by CoreCivic or its employees to disclose security-sensitive information related to the operation of any CoreCivic facility.

8. If Plaintiff's counsel or experts are required by law or court order to disclose CoreCivic's CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 7, the name of that person or entity will be furnished to CoreCivic as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that CoreCivic may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

9. In the event that any recipient of CONFIDENTIAL INFORMATION subject to this Order is (a) subpoenaed in another action or (b) served with a demand in another action to which such individual is a party or a witness, seeking CONFIDENTIAL INFORMATION, that person shall object to its production setting forth the existence of this Order and shall give prompt written notice of such event to counsel of record for the producing party. The producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent reasonably necessary to preserve the confidentiality of the protected information until ruled upon by a court of competent

5

jurisdiction. Nothing in this Order should be construed as requiring the party served to challenge or appeal any order requiring disclosure of CONFIDENTIAL INFORMATION, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Documents disclosed pursuant to this Order may only be used in this litigation and shall not be provided to individuals other than those outlined in this Order (including any and all news media outlets) or used to support or bring other claims, proceedings, or lawsuits (including at depositions), absent written permission from the producing party or a court order.

10.     The parties agree, pursuant to Federal Rule of Evidence 502(d), that any party who inadvertently discloses a document containing information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, does not waive any privilege or protection as to any inadvertently disclosed document. The parties agree to the following claw back procedures for inadvertently disclosed documents:

a.  For purposes of this Order, an inadvertently disclosed document is a document, material, or information (including but not limited to electronic data) that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work product protection, or any other applicable privilege, or which contains or reflects the impressions, conclusions, opinions, legal research, or theories of legal counsel.

b.  A party does not waive any claim of privilege in this litigation or any other federal or state proceeding as to any inadvertently disclosed document.

c.  If a receiving party receives or discovers a document, material, or information that the party knows or has any reason to believe constitutes an inadvertently disclosed document, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.

6

d. If a party discovers that it has produced an inadvertently disclosed document, the producing party may notify any other party within 15 days of the discovery of its claim of privilege pertaining to the inadvertently disclosed document. On receiving this notice, the other party shall: (1) immediately refrain from reading the item; (2) permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed. If a document is part of a filing with the Court, the party invoking this Paragraph will raise the issue with the filing party, and the filing party will either withdraw the document or the parties will agree to brief the issue for the Court, but the filing party shall have no obligation to withdraw the document from the record until the Court resolves the dispute. In no event is a party required to destroy filings with the Court.

e. Within 30 days of the date the producing party becomes aware of the disclosure of an inadvertently disclosed document, the producing party shall serve a privilege log on the other parties covering the clawed-back documents, material, or information.

f. Subject to the foregoing, if a dispute develops as to whether a privilege exists, no party shall disclose, offer, or otherwise use the disputed material in any way, including in these proceedings (other than as necessary to raise the dispute over the document with the Court), until the issue is resolved by the parties or the Court.

11. Counsel for the parties retains the right to challenge the designation of all or part of a particular document as CONFIDENTIAL INFORMATION. The challenging party must give written notice to all parties of the particular document(s) at issue and the reasons for the challenge. If the parties cannot reach an agreement with respect to the challenged designation(s), the challenging party must then comply with the discovery dispute procedures set forth in Local Rule 37.1 for the United States District Court for the Northern District of Ohio to resolve the dispute. The burden of proof with respect to the proprietary or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the Designating Party.

7

12. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories will be covered as confidential, the parties do not waive the right to challenge the relevance, discoverability, or admissibility of documents that fall within those categories.

13. Upon completion of this action, the parties and their respective legal counsel shall either destroy all copies of confidential documents covered by this Order and certify that they have done so in writing or return them to counsel for the producing party.

14. Each person designated in Paragraphs 7 and 9, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are knowns and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

**IT IS SO ORDERED**.

Dated: September 22, 2025

        **HONORABLE SARA LIOI**
        **UNITED STATES**
        **DISTRICT JUDGE**