**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMAL KNOX, | CASE NO. 4:25-CV-00105-SL |
| Plaintiff, | CHIEF DISTRICT JUDGE SARA LIOI |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| CORECIVIC, INC., et al., | **ORDER TO SHOW CAUSE** |
| Defendants. | |

This case is before the undersigned pursuant to a referral for resolution of discovery disputes. (ECF Doc. 24.) This Order relates to a request from Defendants CoreCivic Inc., Warden Douglas Fender, Dr. FNU Bodjanac, and Officer FNU George (collectively "Defendants") that Plaintiff Jamal Knox be required to execute a release allowing Defendants to subpoena records from Meta regarding specified social media accounts. (ECF Docs. 79, 82, 83, 88.) The same social media account records were the subject of a prior discovery dispute that was reported to be resolved in February 2026 when Plaintiff agreed to "execute a release, consenting to the release of the content of his Facebook and Instagram accounts" for Defendants to serve on Meta. (ECF Doc. 42, p. 2; *see also* ECF Docs. 36, 38.)

On July 28, 2026, following a lengthy telephone conference to discuss pending discovery disputes, this Court ordered the parties "to meet and confer in good faith in an attempt to reach agreement regarding the scope of the Meta release for which Defendants seek Plaintiff's signature in connection with Defendants' Request for Production No. 5." (ECF Doc. 85, p. 1.)

The parties were further ordered to file a Joint Status Report by July 31, 2026, regarding those efforts, which the Court ordered "shall be signed by counsel for both parties." (*Id.*)

Contrary to the Court's Order, the status report that was filed on July 31, 2026, was filed by Defendants alone and contained only the signature of defense counsel. (ECF Doc. 88, p. 4.) The status report outlines Defendants' unsuccessful efforts to meet and confer in good faith with Plaintiff's counsel regarding the dispute. (ECF Doc. 88.) Plaintiff's counsel was reportedly uncooperative and nonresponsive. (*Id.*)

On August 7, 2026, having received no response from Plaintiff to either the Court's July 28 Order or Defendants' July 31 status report, the Court set a call with counsel for August 11, 2026, at 1:00 p.m. (Non-document Order, dated 8/7/2026.)

At the scheduled date and time, counsel for Defendants, Kristina R. Rood, timely appeared. Neither of Plaintiff's counsel, Martell Harris or Seneca Konturas, appeared for the call. In addition, neither counsel contacted the Court or Defendants regarding their absence, and neither counsel responded to repeated calls from the Court at the time of the scheduled call.

Thus, it appears that Plaintiff's counsel has not complied with this Court's orders that they: (1) meet and confer with Defendants' counsel in good faith regarding the Meta release dispute (ECF Doc. 85); (2) participate in preparing and signing a Joint Status Report regarding the Meta release dispute by July 31, 2026 (*id.*); and (3) appear for a telephonic status conference before the undersigned on August 11, 2026 (Non-document Order, dated 8/7/2026).

Accordingly, IT IS HEREBY ORDERED that Martell Harris and Seneca Konturas respond to this Order to Show Cause on or before August 17, 2026, explaining their failure to comply with the Court's Orders and showing cause why the Court should not issue sanctions for those failures to comply. Defendants may file a reply on or before August 21, 2026.

Given Plaintiff's failure to participate in the meet-and-confer process as directed by the Court, Defendants also ask the Court to issue an order permitting them to file a motion to compel the production of the Meta release. (ECF Doc. 88, p. 4.) Instead, the Court will allow informal letter briefing on Defendants' request to compel Plaintiff to sign a Meta release. Letter briefs shall not exceed five double-spaced pages and shall identify legal authority to support each party's respective arguments. Defendants may file a letter brief on or before August 17, 2026, and Plaintiff may file a letter brief on or before August 21, 2026.

If the parties reach an agreed resolution regarding the discovery dispute, a Joint Status Report may be filed with the Court in lieu of letter briefing. The Joint Status Report shall not exceed three double-spaced pages and shall be signed by counsel for both parties.

Dated: August 12, 2026

/s/ *Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge